NEALE *v.* CLAUTICE.—1826.

*Speed,* for the Appellant, referred to the statutes 11 *Geo.* *II, ch.* 19, and 8 *Ann, ch.* 14, *s.* 6. 2 *Wheaton's Selw.* 502; and 1 *Wheaton's Selw.* 501.

*Gill,* for the Appellee, cited *Poole vs. Longuevill,* 3 *Saund.* 284, *(note 3.)* The statute 11 *Geo. II, ch.* 19, *s.* 22. 3 *Chitty's Plead.* 531. The statute 17 *Charles II.* 2 *Sellon's Pr.* 179, 180; and 1 *Sellon's Pr.* 498.

———— ❋ ————

NEALE *vs.* CLAUTICE.—June, 1826.

A general demurrer to a plea confesses all the facts which are well pleaded.

A plea in trespass is bad on demurrer that does not cover the whole trespass laid in the declaration, although it need not answer matter stated in aggravation of damages.

In an action of trespass for taking personal chattels, the declaration must state them to be the plaintiff's at the time of the taking, or the omission will be fatal even after verdict.

In such an action of trespass. where the declaration contained the averment of property in the plaintiff at the time of the taking, a plea, justifying the taking as a distress for rent due the defendant by a third person, and that the chattels were on the demised premises when the rent accrued, and were fraudulently removed, and afterwards pursued and taken within thirty days, is insufficient, because it does not deny that they were, at the time of the taking, the property of the plaintiff. If such a plea averred them to belong to the tenant when taken, the plea would seem to be good, except as to form.

In such an action a plea, that the property in the chattels was in the defendant, or in a third person, would be bad on special demurrer, because it would amount to the general issue.

Where goods are fraudulently removed by a tenant to avoid his rent, and afterwards are sold by him to a *bona fide* purchaser, the sale is valid under the statute 11 *Geo*. II, *ch*. 19.

Goods of a third person cannot be taken for rent, except they are found, at the time of the distress, on the premises.

The general replication *de injuria sua propria*, &c. is only proper where matter of excuse is pleaded in the defendant's plea, and not where he relies upon title.

Where the judgment of the inferior court against the plaintiff, on demurrer to the pleadings, was reversed, a *procedendo* was awarded.

APPEAL from *Baltimore* County Court. Action of trespass. The writ was that the defendant, (now appellee,) answer unto the plaintiff, (the appellant,) "in a plea of trespass, &c." And by the declaration the plaintiff complained, that the defendant on the 10th of June 1820, at, &c. with force and arms, seized, took and detained, the goods and chattels to wit, &c. of the plaintiff, then and there found, and being of a large value, to wit, of the value of, &c. and carried away the same, and converted and disposed thereof to his own use, and other wrongs to the plaintiff then and there did, against the peace, government and dignity of the state, &c. and to the damage of the plaintiff of, &c. The defendant pleaded two pleas. 1. The general issue plea, which was afterwards struck out by consent of the parties. 2. "And for further plea in this behalf the defendant, by leave of the court here first had and obtained, according to the form of the statute in such case made and provided, says, that the plaintiff his action aforesaid thereof against him to have or maintain ought not, because he says, that a certain *John G. Neale*, on the tenth day of June, in the year eighteen hundred and twenty, and for a long space of time then last past, and from thence until, and at the said time,

when, &c. held and enjoyed a certain messuage or tenement, situate and being at the county aforesaid, as tenant thereof, to the defendant, under and by virtue of a certain demise thereof, before then made to the said *John G. Neale*, upon which demise a certain yearly rent, to wit, the rent or sum of one hundred and fifty dollars, per annum, was reserved and made payable by the said *John* to the defendant, in manner following, to wit, fifty dollars in advance; fifty dollars in six months, and fifty dollars in twelve months, in each and every year during the continuance of said demise; and the defendant in fact says, that just before the said time, when, and so forth, to wit, on the thirteenth day of May, in the year eighteen hundred and twenty, a large sum of money, to wit, the sum of one hundred dollars of the rent aforesaid, for a portion of said term, ending on the day and year last aforesaid, became and was due, owing and payable, from the said *John G. Neale* to the defendant, and from thence until and at the said time, when, &c. became, remained and continued in arrear and unpaid; and the defendant avers, that just before the said time, when, &c. that is to say, after the said rent became due and payable, and when the same was actually due and in arrear and unpaid, and within thirty days next before the said time, when, &c. the said *John G.* fraudulently and clandestinely carried off the said premises, so held and enjoyed by him the said *John G.* as such tenant thereof as aforesaid, the said goods and chattels in the said declaration mentioned, being the proper goods and chattels of him the said *John G.* to prevent the defendant from distraining the same, for the rent so before and at the time of the said removal, actually due in arrear and unpaid, and for that purpose conveyed the said goods and chattels to the said place in which, &c. for which reason, and because the said rent still remained in arrear and unpaid, and because the said goods and chattels, which had been so fraudulently and clandestinely removed and carried away by the said *John G.* as aforesaid, after the said rent was due and in arrear, still remained in the said place in which, &c. to which the same had been removed, the defendant in his own right, afterwards, and when the said rent so remained due, in arrear and unpaid as aforesaid, and within thirty days next after the said furniture, goods and chattels, were and had so been fraudulent-

ly and clandestinely removed and carried away, that is to say, at the said time when, &c. entered into the said place in which, &c. in the said declaration mentioned, in order to seize and take the said goods and chattels, so being there as aforesaid, as a distress for the said arrears of rent, so due and owing to the defendant as aforesaid, and thereupon, at the said time, when, &c. and within thirty days next after the said goods and chattels in the said declaration mentioned, had been and were so fraudulently and clandestinely removed away and carried off as aforesaid, in the said place in which, &c. take and seize the said goods and chattels so there found, as a distress for the said arrear of rent, and did impound the same at a small and convenient distance from the said place in which, &c. and did thereupon give due notice of such distress, and of the cause of such taking, and of the said place where the said goods and chattels were impounded unto the said *John G.* and did keep and detain the said parcel of said goods and chattels under the said distress, for the space of five days next after the taking and carrying away the same as aforesaid, in order to give the plaintiff an opportunity to replevy the same, according to the form of the statute in such case made and provided; and the said *John G.* not having replevied the said goods and chattels, within the said space of five days, the defendant in his own right afterwards, and after the expiration of said five days, to wit, on the first day of July, in the year aforesaid, caused the same to be in due manner appraised, by two sworn appraisers, according to the form of the statute in such case made and provided, and after such appraisement, the defendant sold the same, and applied the proceeds of said sale in satisfaction of said rent, and the charges of the distress and appraisement aforesaid, as he lawfully might, for the cause aforesaid, inasmuch as the plaintiff had not replevied the said goods and chattels, or paid the said arrear of rent, together with the costs and charges of said distress, and appraisement aforesaid; and this he is ready to verify: Wherefore he prays judgment if the plaintiff, his action aforesaid thereof to have or maintain ought, and so forth.''
To this last plea the plaintiff replied as follows: "And the plaintiff, as to the said plea of the defendant, by him secondly above-pleaded, as to the said several trespasses in that plea mentioned,

and therein attempted to be justified, saith, that the plaintiff, by reason of any thing mentioned by the defendant in that plea alleged, ought not to be barred from having and maintaining his aforesaid action; because he saith, that the defendant, at the said time, when, &c. of his own wrong, and without the cause by him in his second plea alleged, committed the said several trespasses in that plea mentioned, in manner and form as the plaintiff hath above in his declaration complained against him, the defendant; and this he, the plaintiff, prays may be inquired of by the country, and so forth." The defendant demurred specially to the replication, and assigned the following causes of demurrer in law to the said replication, that is to say, "that the same is double, inasmuch as the said replication tends to put in issue several various and distinct matters, when the same ought to have put one single matter in issue only, and also, that he attempts to put in issue by said replication, all the several matters and things in the said plea contained, whereas he should have traversed one single matter whereon a proper issue might be joined; in this, that the defendant states in his plea the following distinct facts, to wit," &c. "And the replication tends to put in issue all the various and distinct matters aforesaid, when the same ought to have put one single matter in issue only. And that the said replication is uncertain, not issuable and wants form," &c. The plaintiff joined in demurrer. The county court sustained the demurrer, and rendered judgment for the defendant. From which judgment the plaintiff appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, and DORSEY, J.

*Raymond,* for the Appellant, contended, that there was no fault in the pleadings on the part of the plaintiff. That if the pleadings were defective, it was the fault of the defendant, and not of the plaintiff. He cited 1 *Chitty's Plead.* 512. *Robinson vs. Rayley,* 1 *Burr.* 316.

*Meredith,* for the Appellee. 1. The writ is not in the legal and accustomed forms of such writs in trespass. It is general that the defendant answer into the plaintiff *in a plea of trespass, &c.* without stating what the trespass consisted of.

2. The facts stated in the defendant's plea were essential to his defence, but the plaintiff did not chuse to select any one of the acts, but took issue on the whole. Any one of the facts alleged in the plea would, if proved, defeat the plaintiff's action. The replication should have selected some one of the facts upon which the issue should be tried, and not deny the whole, and put them all in issue. *Crogate's* case, 8 *Coke*, 67. *Cockerill vs. Armstrong, Wille's Rep.* 99. *Bell vs. Wardell, Ib.* 202. The case of *Robinson vs. Rayley,* 1 *Burr.* 316, has been doubted to be good law by many decisions. *Jones vs. Kitchim,* 1 *Bos. & Pull.* 78, (Arg. of Sergt. *Marshall.*)

3. If the plea is double, yet it could only be taken advantage of by special demurrer. Instead of which the plaintiff replied putting in issue every fact stated in the plea. *Arch. Plead.* 193. 6 *Com. Dig.* tit. *P'eader,* 163, 164, *(New Ed.)* 1 *Chitty's Plead.* 646, 647. *Stephen's Plead.* 163, 164. If the plea is bad for duplicity, it must be bad by putting in issue more than one defence. The replication then is general to two defences.

4. The replication is insufficient upon other grounds. Advantage may be taken of a replication on special demurrer, though the cause is not stated in the causes of demurrer. Where *de injuria* is improperly replied, the defendant may demur generally, but the defect will be aided after verdict. 1 *Chitty's Plead.* 584. *Collins vs. Walker,* Sir *T. Ray.* 50. *Banks vs. Parker, Hob.* 76. *Fursden vs. Weeks,* 3 *Lev.* 65. The replication *de injuria,* &c. is only allowed in actions of trespass for personal injuries. 6 *Com. Dig.* tit. *Pleader, (F.* 18.*)* *Lytle vs. Lee & Ruggles,* 5 *Johns. Rep.* 112. *Hyat vs. Wood,* 4 *Johns. Rep.* 150. *Plumb vs. M'Crea,* 12 *Johns. Rep.* 491. *Taylor vs. Markham, Yelv.* 158. The replication puts in issue the fact of title to the premises, as well as to the property. Where the question of title is involved, the plaintiff is always precluded from replying generally. 2 *Roll.* 694. A general replication is admitted only where the defendant insists upon a matter by way of excuse. *Lytle vs. Lee & Ruggles,* 5 *Johns. Rep.* 113, 114. *Cooper vs. Monke, Wille's Rep.* 52. 1 *Chitty's Plead.* 583, 584.

*Raymond*, in reply. The writ is correct for all necessary purposes. It is not necessary in this state to set out in the writ the particular trespasses complained of, bail being required here by statute. In *England* the defendant must be served with the process, showing what is complained of, so as to demand bail. *Tidd's Pr.* 144.

EARLE, J. delivered the opinion of the Court. The attention of the court is called to the pleadings of this case. It is an action of trespass for taking the personal goods of the plaintiff. To the declaration, which is in common form, the defendant pleaded specially; and he also pleaded the general issue plea, which by consent was withdrawn from the case. The special plea purports to be a justification of the taking, for a distress for rent, not due to the defendant by the plaintiff, but from his tenant *John G. Neale*, who is charged with fraudulently removing the distrained property, being his own proper goods and chattels, from off the demised premises, to prevent the distress, to the place where, &c. to which place they were followed within thirty days, and seized and sold by the defendant for the payment of his rent. To this plea the plaintiff having replied, *de injuria sua propria absque tali causa*, the defendant demurred specially, and assigned for cause of demurrer the duplicity of the replication, inasmuch as it tended to put in issue various and distinct matters, when the same ought to have put one single matter in issue only, and attempted to put in issue all the several matters and things in the plea contained, whereas it should have traversed one single matter, whereon a proper issue might have been joined.

The legal sufficiency of the replication furnished the principal ground of the arguments of the counsel, although the plea was also adverted to, as being defective. If it is so in form the fault is cured by the pleading over of the replication; but if it is substantially incorrect, the fault must determine the case against the defendant, as it is the first to be found in the pleadings. By way of testing its soundness, the court have inquired whether it is a good plea on general demurrer? and their reflections have brought them to the conclusion that it is not. When applied to a plea, a general demurrer confesses all its well

pleaded facts; and if all the facts contained in this plea are ad-mitted to be true, the plaintiff we think must nevertheless prevail, because the gist or ground of his action, as set forth in his declaration, is not thereby answered. A plea in trespass is bad on demurrer, that does not cover the whole trespass as laid in the declaration, although it need not answer matter stated in aggravation of damages. *Taylor vs. Cole,* 3 *T. R.* 297, per *Buller, J.* The plaintiff here has alleged in his declaration, that the goods and chattels mentioned therein, at the time of the taking of them by the defendant, were *his goods* and chattels, and if he had omitted the averment, the omission would have been fatal even after verdict, the objection being a want of title, and not a title defectively stated. 1 *Chitty's Plead.* 366, and the authorities there cited. This demonstrates the importance and character of this fact stated in the declaration, and there is no answer given to it in the plea, either by denying it, or by confessing and justifying it. The plea may be said to assert the goods in question, to be the proper goods and chattels of the defendant's tenant, when they were fraudulently removed by him from the demised premises; but it is silent as to their being the goods and chattels of any particular person at the time of the taking in the place where, &c. If it were admitted that they were the proper goods and chattels of the tenant, when they were removed by him from the premises, it would not thence follow, that they were his property many days after, when they were taken from the plaintiff, in the name of a distress for rent due from the tenant. The plaintiff might, in the meantime, have purchased them *bona fide* of the tenant; and by the statute of 11 *Geo.* II, *ch.* 19, *s* 1, 2, the sale would have been protected. 3 *Chitty's Plead.* 551, (in the note.) The defendant should have denied the property of the plaintiff, at the time of taking, and as he has omitted to do this, the declaration is not covered by the plea. The general issue plea would have been a denial of the property of the plaintiff in the goods at the time of the taking, and imposed on him the necessity of proving it, or showing his right to sue. The defendant might also have put the same fact in issue, by a plea of property in himself, or his tenant, at the time of the taking, if he had thought proper to hazard a plea, which would have been bad on special demur-

er, because it amounted to the general issue plea. In the same way he might have added to his plea before us, that when he seized the goods in the place where, &c. they were the proper goods and chattels of his tenant, and not the plaintiff's, which perhaps would have made of it a good plea, except as to form. Neither of those modes of negation has he, however, adopted; and his plea used as justification is not suited to the case, and does not justify the act complained of. It would have been a suitable plea, if the tenant had been the plaintiff, but will not answer the defendant's purpose, as the action is brought by a stranger. To justify, he might well confess by his plea the goods and chattels carried off the premises to be the property of his tenant, because he has a right to follow them, if they are fraudulently removed to prevent his distress; while a similar admission in the case of a stranger, would be to concede himself to be liable to his action. For the goods of a third person cannot be taken for rent in any place, except on the leased premises; and to admit by plea the taking as a distress for rent of the goods of such a person in *alio loco*, is little short of saying that they are not liable to the distress insisted on; and a justification following such an admission, could be of no avail.

So much having been said of the plea, it seems unnecessary for the court to speak of the replication. As its invalidity, however, was a point more than any other insisted on, we will briefly give our opinion in relation to it.

Without attending to the particular causes of demurrer pointed out, it appears to us that the replication is not sustainable in this case; *de injuria sua propria absque tali causa*, is a plea often resorted to in practice, but where it may be legitimately used, must be determined by a reference to *Crogate's Case*, 8 *Co. Rep.* 66. This case is the foundation of all subsequent decisions on this question, and is an authority universally acknowledged. Adjudications of later date are little else than interpretations, given by successive judges, of *Crogate's Case*, as applicable or not to the subjects which have come under their consideration. In the second resolution of the case, Lord *Coke* says, "the general plea *de injuria sua propria, &c.* is properly where the defendant's plea doth consist merely upon matter of excuse, and no matter of interest whatsoever;" and

this makes the use of this general replication to depend on the matter of the defendant's plea. If matter of excuse is pleaded, the general replication is an appropriate plea; but if matter of interest is insisted on, a special reply is necessary. This distinction has been observed and enforced by the most modern decisions on this subject. Such are the cases of *Cooper vs. Monke,* and *Cockerill vs. Armstrong* in *Willes's Rep.* 52 & 100; the case of *Jones vs. Kitchim,* 1 *Bos. & Pull.* 76, and *Lytle vs. Lee and Ruggles,* 5 *Johns. Rep.* 112; and such the law in *White vs. Stubby,* 3 *Saund.* 295, *(note* 1.*)* All these authorities are decided on the ground that the general replication, *de injuria sua propria absque tali causa,* is bad, when the defendant insists on a right, as *P. Clautice* does in this case, and is good only when he pleads matter of excuse.

JUDGMENT REVERSED.

*Raymond* then moved the court to order a writ of *procedendo,* or *special mandate,* to the court below, directing them to proceed in the cause, and to award an inquiry as to the damages to be assessed to the plaintiff, &c. He referred to *Briscoe vs. Ward,* 1 *Harr. & Johns.* 165. *Davis vs. Wilson,* 2 *Harr. & Johns.* 345. *Davis vs. Benson,* 6 *Harr. & Johns.* 272. 2 *Sellon's Pr.* 399, 400. *Vicars vs. Haydon,* 2 *Cowp.* 843. *Tidd's Pr.* 687. *Foxwist vs. Tremaine,* 2 *Saund.* 210, 211, *(notes* 2, 3.*)* *Fox vs. Smith,* 2 *Wils.* 267. *Bowen vs. Shapcott,* 1 *East,* 542, 544. *Owen vs. Saunders,* *Colles's P. Cas.* 73. *The Queen vs. Ford, Ib.* 336.

PROCEDENDO AWARDED.